### PLUMB v. J. W. HAULLAUER & SONS CO.

(Supreme Court, Appellate Division, Third Department. January 6, 1909.)

1. EVIDENCE (§ 79*)—PRESUMPTIONS—FABRICATION OF EVIDENCE—TESTIMONY OF SELLER.

    Where a seller of apples testified positively as to their weight, it is not to be presumed that he would have done so without knowledge, and the mere fact that another did the weighing under circumstances which afforded plaintiff an opportunity to know what he swore to is insufficient, in the absence of proof that he had no knowledge to justify the court in ignoring his testimony.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 99, 100; Dec. Dig. § 79.*]

2. SALES (§ 359*)—ACTION FOR PRICE—EVIDENCE—PRIMA FACIE CASE.

    In an action for apples sold, evidence held sufficient to make out a prima facie case for plaintiff.

    [Ed. Note.—For other cases, see Sales, Dec. Dig. § 359.*]

Appeal from Trial Term, Franklin County.

Action by William M. Plumb against the J. W. Haullauer & Sons Company. Plaintiff was nonsuited at the close of his proofs and appeals. Reversed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

John P. Kellas, for appellant.

J. W. Barrett, for respondent.

CHESTER, J. The complaint in form states but a single cause of action, but in fact two causes are alleged, one to recover a balance due on the contract price for apples sold and delivered by the plaintiff to the defendant and the other for damages for the refusal of the defendant to receive and pay for other apples claimed to have been purchased by the defendant from the plaintiff under such contract. No question was made as to the form of the complaint.

On the trial the plaintiff's proof tended to show that the defendant entered into a contract with him by which it agreed to purchase whatever apples he could load at various points in Northern New York, and

ship to it at Webster, N. Y., up to 15 car loads, and to pay therefor on delivery 70 cents per 100 pounds for mixed apples and 75 cents per 100 pounds for paring apples, less the freight thereon, and that the plaintiff under such contract delivered to the defendant 8 car loads, containing 289,540 pounds of mixed apples and 11,150 pounds of paring apples, amounting at such prices to $2,110.41, upon which the defendants paid $461.75 freight, and paid the plaintiff the further sum of $1,480.03, leaving a balance due of $168.63 besides interest. The plaintiff's proof also tended to show that the plaintiff shipped four other car loads of apples to the defendant which it refused to receive and pay for, and offered to ship another car load which the defendant directed him not to ship, and that the plaintiff sold these five car loads at the best price he could obtain for them, but for much less than the defendant agreed to pay. The court granted the nonsuit on the ground that there was no proof of damages.

If there was competent testimony as to the weights of the apples contained in the eight cars of apples which were delivered to the defendants, a prima facie case was made out showing the balance above stated as being due the plaintiff from the defendants on account thereof. The respondent calls attention to the fact that the plaintiff testified to the number of pounds of apples contained in two cars shipped from Bangor included in the eight cars above mentioned, and that afterwards it appeared that not he, but one Moore, did the weighing at that place. But it appears that the plaintiff was at Bangor and loaded the apples, and Moore testified that he weighed them accurately. He did not, however, state the number of pounds, but testified that he had the book in court in which he put down the weight correctly. The plaintiff testified positively as to the weights, and it is not to be presumed that he would have done so without having knowledge. The mere fact that another did the weighing under circumstances which afforded the plaintiff an opportunity to know what he was swearing to is not sufficient, in the absence of proof that he had no knowledge, to justify the court in ignoring his testimony. No motion was made to strike out the plaintiff's evidence, and, if it had been stricken out on the ground of want of knowledge, Moore would have undoubtedly been recalled to give the actual weights as he had them recorded in the book which he had in court. There was some indirect proof as to the weights of the apples contained in the two cars in question found in the fact that the railroad company charged freight on practically the same weight which the plaintiff testified was contained in the cars. No question was made as to the sufficiency of the proof with respect to the weights of the other cars. We think, therefore, that the case was not one for a nonsuit, regardless of the question whether or not the plaintiff made adequate proof of damages as to the five cars which the defendants refused to receive. That question may not arise on a new trial, and we need not consider it.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.